# UNITED STATES DISTRICT COURT

**FILED**

OCT 4 2021

for

WESTERN DISTRICT OF TEXAS

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Irene Arviso Moreno     Case Number: DR:17-CR-00976(1)-AM

Name of Sentencing Judicial Officer:  Honorable Alia Moses,  United States District Judge

Date of Original Sentence:  April 12, 2018

Date of Revocation Sentence:  November 1, 2018

Original Offense:  Conspiracy to Transport Illegal Aliens, in violation of 8 U.S.C. § 1324.

Original Sentence:  Three years probation

Revocation Sentence:  Seven (7) months imprisonment to be followed by three (3) years supervised release.

Type of Supervision: Supervised Release     Date Supervision Commenced: February 22, 2019

Assistant U.S. Attorney:  Paul Harle     Defense Attorney:  Robert Garza

## PREVIOUS COURT ACTION

None during the current term of supervised release.

## PETITIONING THE COURT

☒ To issue a warrant
☐ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **Mandatory Condition No. 2: The defendant shall not unlawfully possess a controlled substance.** |
| 2. | **Mandatory Condition No. 3: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the Court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.** |

3.  **Special Condition: The defendant shall abstain from the use of alcohol and/or all other intoxicants during the term of supervision.**

4.  **Special Condition: The defendant shall not use or possess any controlled substances without a valid prescription. If a valid prescription exists, the defendant must disclose the prescription information to the probation officer and follow the instructions on the prescription.**

5.  **Special Condition: The defendant shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.**

    On August 24, 2021, Ms. Moreno submitted a urine specimen which yielded a positive result for cocaine. On September 16, 2021, Ms. Moreno reported to the U.S. Probation Office to discuss the positive urinalysis for cocaine. She emphatically denied any cocaine use and claimed it was a false positive urinalysis. An Admit/Deny form was signed denying the use of cocaine. The sample was sent to the national lab, Alere Toxicology, for confirmation. On September 24, 2021, the sample returned a positive confirmation for Benzoylecgonine, the cocaine metabolite.

    On September 16, 2021, Ms. Moreno submitted a urine specimen, at the U.S. Probation Office, which yielded a positive result for cocaine. Ms. Moreno denied the use of cocaine. The sample was sent to the national lab, Alere Toxicology, for confirmation. On September 28, 2021, the sample returned a positive confirmation for Benzoylecgonine, the cocaine metabolite.

6.  **Standard Condition No. 4: The defendant shall answer truthfully the questions asked by the probation officer.**

    On September 16, 2021, Ms. Moreno reported to the U.S. Probation Office where the positive urinalysis was discussed. Ms. Moreno continually denied any use of cocaine. However, confirmation was received from the national lab, Alere Toxicology, which confirmed the presence of the cocaine metabolite, Benzoylecgonine. Ms. Moreno was given multiple opportunities to be truthful with the probation officer; however, she continued to deny any illegal drug use.

7.  **Special Conditions: The defendant shall obtain a General Equivalency Diploma while incarcerated or under terms of Supervised Release.**

    On August 18, 2021, an employment visit was conducted with Ms. Moreno. She was asked about her progress with GED programming. Ms. Moreno stated that due to COVID-19, her in-person classes were discontinued last year. She was advised to re-enroll in classes as in-person classes had resumed. She was advised to send the probation officer her enrollment paperwork for verification immediately. As of this date, Ms. Moreno has failed to submit proof of enrollment in GED programming.

**U.S. Probation Officer Recommendation:**  Ms. Moreno is a Criminal History Category I offender with a criminal history consisting of a prior federal conviction for Accessory After the Fact, in the Southern District of Texas, Corpus Christi Division.  Ms. Moreno has a chronic substance abuse history which includes alcohol, marijuana, and cocaine.  On February 22, 2019, Ms. Moreno commenced her three-year term of supervised release.  Since that time, Ms. Moreno has completed substance abuse treatment, and maintained a stable residence.  However, Ms. Moreno has failed to attend GED programming as instructed, and ultimately revered to the use of cocaine.  Ms. Moreno has not been truthful with the U.S. Probation Officer regarding her drug use.  Due to the aforementioned violations of supervised release, the U.S. Probation Office respectfully recommends a warrant be issued in this case.

☒ The term of supervision should be

    ☒ revoked.  (Maximum penalty: __2__ years imprisonment; __3__ years supervised release;
           and payment of any unsatisfied monetary sanction previously imposed)

    ☐ extended for __ years, for a total term of __ years.

☐ The conditions of supervision should be modified as follows:


Approved:                                                 Respectfully submitted,

_____       _____
Arthur R. Galvan                                  Stefanie A. Colburn
Supervising U.S. Probation Officer          U.S. Probation Officer
Telephone: (210) 472-6590, Ext.  5315      Telephone: (210) 472-6590, Ext.  5335
                                             Date:  September 29, 2021


Approved:

_____
James T. Ward
Supervisory Assistant U.S. Attorney

cc:    Joshua Banister
        Deputy City Chief, U.S. Attorney's Office

        Brenda Trejo-Olivarri
        Assistant Deputy Chief U.S. Probation Officer

THE COURT ORDERS:

☐ No action.

☑ The issuance of a WARRANT. Bond is set in the amount of $ *Detain* cash/surety with supervision by the United States Probation Office to continue as a condition of release.

☐ The issuance of a SUMMONS.

☐ Other _____

_____
Honorable Alia Moses
U.S. District Judge

_____
10/4/21
Date